[¶1] This matter came before the Court upon a "Report and Recommendation for Order of Public Censure," filed herein May 18, 2018, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure (stipulated discipline). The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed, and adopted by the Court, and that Respondent, N. Joshua Dart, should be publicly censured for his conduct. It is, therefore,
[¶2] ADJUDGED AND ORDERED that the Board of Professional Responsibility's "Report and Recommendation for Order of Public Censure," which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further
[¶3] ADJUDGED AND ORDERED that N. Joshua Dart is hereby publicly censured for his conduct, which is described in the *244 Report and Recommendation for Order of Public Censure. The Wyoming State Bar may issue a press release consistent with the one set out in the Report and Recommendation for Order of Public Censure; and it is further;
[¶4] ORDERED that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Mr. Dart shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $750.00. Mr. Dart shall pay the total amount of $800.00 to the Wyoming State Bar on or before July 31, 2018; and it is further
[¶5] ORDERED that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation for Order of Public Censure, as a matter coming regularly before this Court as a public record; and it is further
[¶6] ORDERED that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of Public Censure, along with the incorporated Report and Recommendation for Order of Public Censure, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further
[¶7] ORDERED that the Clerk of this Court cause a copy of this Order of Public Censure to be served upon Respondent, N. Joshua Dart.
[¶8] DATED this 31st day of May, 2018.
BY THE COURT:
/s/ E. JAMES BURKE
Chief Justice
Attachment *245 BEFORE THE SUPREME COURT STATE OF WYOMING
In the matter of N. JOSHUA DART, WSB # 7-4634, WSB No. 2017-052 Respondent.
REPORT AND RECOMMENDATION FOR ORDER OF PUBLIC CENSURE
THIS MATTER came before the Board of Professional Responsibility on the 8th day of May, 2018, for consideration of the Stipulation for Public Censure submitted pursuant to Rules 9 and 12 of the Wyoming Rules of Disciplinary Procedure, and the Board having reviewed the Stipulation, the accompanying affidavit of factual basis and being fully advised in the premises, FINDS, CONCLUDES and RECOMMENDS as follows.
1. Respondent was admitted to practice in 2010 and is engaged in the active practice of law in Loveland, Colorado.
2. In August of 2015 Respondent undertook the representation of a client in a defamation action in the Sixth Judicial District Court, Campbell County, Wyoming. The outcome of the case was largely dependent on the favorable testimony of one witness regarding an oral conversation the witness had with one of the defendants. At the time that Respondent and his client entered into a representation agreement, Respondent advised his client, verbally, that she would more likely than not lose any litigation that was brought. Respondent followed that communication with a letter in which he provided additional details about the likelihood of an unsuccessful outcome in the case. Nonetheless, the client desired to proceed with the case.
*246 3. After the lawsuit was filed, one of the two defendants counterclaimed against the client.
4. In the months following commencement of the lawsuit, Respondent responded to written discovery requests from the defendants. In April 2016, one defendant filed a motion for summary judgment. Respondent advised his client to stipulate to the dismissal of claims against the moving defendant. The client reluctantly agreed, but instructed Respondent to aggressively pursue the case against the other defendant. By the end of June 2016, the client had paid Respondent more than $12,000.00 in fees.
5. In September 2016, the remaining defendant filed a motion to compel discovery, seeking answers to interrogatories regarding the specific defamatory statements that defendant allegedly made about Respondent's client. In October 2016, Respondent filed a response in which he stated, among other things, "Plaintiff has found that witness [sic] who would assist her in providing a more complete response persist in refusing to cooperate with her counsel and/or are claiming a lack of memory of the defamatory statements."
6. On December 1, 2016, a telephonic hearing was held on the motion to compel. Due to a calendaring mix-up, Respondent did not attend. The judge granted the motion to compel, ordering Respondent's client to provide complete and specific answers to the interrogatories within ten working days of December 1, 2016. The judge also awarded attorney fees in the amount of $1,291.00. Respondent did not inform the client of the attorney fee award against her.
7. By the end of November 2016 Respondent had met with potential witnesses and by December 13, 2016, a decision with the client had been made that the necessary witness could not successfully be deposed about his oral conversation with the remaining defendant. On December 13, 2016, Respondent wrote to the defendant's counsel and told him, in relevant part, "In *247 light of what appears to be the inability for my client to fully comply with the order on motion to compel, I have no choice but to seek permission to amend pleadings and remove the related claim." Thereafter, Respondent did not seek leave to amend the complaint to drop the defamation claim, which is what he was referring to in the letter.
8. While Respondent conferred with the client concerning this decision and received her approval not to take the deposition of the witness, Respondent did not properly evaluate the legal significance of not being able to utilize that witness's testimony as it related to the claim for intentional interference with a business expectation. Respondent explains that his thoughts in this regard were also colored by the fact of the counterclaim against his client. Respondent failed to properly communicate with the client the significance of the motion seeking an order to show cause as to why the client had not produced the name of a corroborating witnesses in discovery. Respondent concedes that since neither the client nor Respondent ever identified a corroborating witness to support her claims, Respondent should have informed the client that the case should be dropped at that point.
9. On January 9, 2017, the defendant filed a motion for sanctions for failure to comply with the order compelling discovery. The defendant sought dismissal of the complaint as the appropriate sanction.
10. On March 30, 2017, an order was entered granting the defendant's motion for sanctions. The order dismissed the client's complaint. The judge also made an additional award of attorney fees in the amount of $1,697.00. Respondent informed his client that her case had been dismissed and that the judge had found her liable for a portion of the defendant's fees, but did not tell her the amount. This was Respondent's first communication with the client since *248 mid-December 2016. After Respondent's telephone conversation with the client, she filed a complaint against Respondent with the Office of Bar Counsel.
11. In August 2017, the defendant filed a motion for order to show cause for the client's failure to pay attorney fees in the amount of $2,938.00. Respondent did not inform the client of this motion.
12. Throughout the period of Respondent's representation of the client, Respondent was experiencing severe personal difficulties and was seeking counseling from his pastor. During this period of time Respondent suffered from a number of medical issues. Respondent's pastor recommended that Respondent seek other medical treatment, and Respondent began medical treatment for depression in August 2017. Since that time, Respondent has been on a regular treatment of medication for depression. Respondent has continued counseling with a professional counselor and has entered into an agreement in which Respondent can be mentored on a monthly basis by a bankruptcy lawyer. Respondent feels that with this assistance and a focused effort to work through his personal problems he is making progress and is in a much better place psychologically and emotionally than when he was representing the complainant.
13. Respondent is sincerely remorseful for his conduct in this matter. Looking back, Respondent realizes that his mistakes built upon one another and he could not bring himself to be honest with his client, who relied on Respondent to provide the level of representation for which she was paying Respondent and to which she was entitled. At the time these events occurred, Respondent was under tremendous personal stress and was not dealing well with his personal problems nor his practice.
*249 14. Respondent has restructured his practice because he recognized that he was not dealing well with the stresses of a sole practitioner litigation practice. The vast majority of Respondent's practice now consists of debtor's bankruptcy work.
15. Respondent conditionally admits that his conduct violated Rules 1.3 (diligence), 1.4 (communication with client), Rule 8.4(c) (conduct involving dishonesty, fraud, deceit or mis-representation). Respondent has taken a number of steps to mitigate the harm he caused to the client. Soon after the client filed her complaint against him, Respondent wrote her a letter of apology for the way he mishandled her case. Respondent has voluntarily repaid the client $6,345.00 which is the amount of money that Respondent earned for all of his work after the spring of 2016 when he should have first informed the client and that she could not prevail any of her claims. In addition, all sanctions and attorney fees ordered by the Court against the client as a result of her failure to comply with discovery have been paid by Respondent and his malpractice insurer.
16. Respondent and his counsel stipulate and agree that a public censure is an appropriate sanction for the rules violations and conduct described herein.
ABA Sanction Standards
17. Respondent's violations of Rules 1.3 and 1.4 call into play Standard 4.4, "Lack of Diligence," of the ABA Standards for Imposing Lawyer Sanctions. Standard 4.4 sets forth the following guidelines:
4.41 Disbarment is generally appropriate when:
(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
(b) a lawyer knowingly fails to perform services for a client and cause serious or potentially serious injury to a client; or
(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.
4.42 Suspension is generally appropriate when:
*250 (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or
(b) a lawyer engages in a pattern of neglect with respect to client matters and causes injury or potential injury to a client.
4.43 Reprimand [i.e., public censure under Rule 9(a)(3) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.
4.44 Admonition [i.e., private reprimand under Rule 9(a)(4) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client.
18. Respondent's violation of Rule 8.4(c) implicates Standard 6.1, which provides:
Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving conduct that is prejudicial to the administration of justice or that involves dishonesty, fraud, deceit, or misrepresentation to the a court:
6.11 Disbarment is generally appropriate when a lawyer, with the intent to deceive the court, makes a false statement, submits a false document, or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding.
6.12 Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.
6.13 Reprimand [i.e., public censure under Rule 9(a)(3) of the Wyoming Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent either in determining whether the statements or documents are false or in taking remedial action when material information is being withheld, and causes injury or potential injury to a party to the legal system, or causes an adverse or potentially adverse effect on the legal proceeding.
6.14 Admonition [i.e., private reprimand under 9(a)(4) of the Wyoming Rules of Disciplinary Procedure] is generally appropriate when a lawyer engages in an isolated instance of neglect in determining whether the submitted statements or documents are false or in failing to disclose material information upon learning of its falsity, and causes little or no adverse or potentially adverse effect on the legal proceeding.
*251 19. ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:
9.1 Generally
After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.
9.2 Aggravation
9.21 Definition. Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.
9.22 Factors which may be considered in aggravation. Aggravating factors include:
(a) prior disciplinary offenses;
(b) dishonest or selfish motive;
(c) a pattern of misconduct;
(d) multiple offenses;
(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(g) refusal to acknowledge wrongful nature of conduct;
(h) vulnerability of the victim;
(i) substantial experience in the practice of law;
(j) indifference in making restitution; and
(k) illegal conduct, including that involving the use of controlled substances.
9.3 Mitigation.
9.31 Definition. Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.
9.32 Factors which may be considered in mitigation. Mitigating factors include:
(a) absence of a prior disciplinary record;
(b) absence of a dishonest or selfish motive;
(c) personal or emotional problems;
(d) timely good faith effort to make restitution or to rectify consequences of misconduct;
(e) full and free disclosure of disciplinary board or cooperative attitude toward proceedings;
(f) inexperience in the practice of law;
(g) character or reputation;
(h) physical disability;
(i) mental disability or chemical dependency including alcoholism or drug abuse when:
(1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;
*252 (2) the chemical dependency or mental disability caused the misconduct;
(3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and
(4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.
(j) delay in disciplinary proceedings;
(k) imposition of other penalties or sanctions;
(l) remorse; and
(m) remoteness of prior offenses.
9.4 Factors Which Are Neither Aggravating nor Mitigating.
The following factors should not be considered as either aggravating nor mitigating:
(a) forced or compelled restitution;
(b) agreeing to the client's demand for certain improper behavior or result;
(c) withdrawal of complaint against the lawyer;
(d) resignation prior to completion of disciplinary proceedings;
(e) complainant's recommendation as to sanction; and
(f) failure of injured client to complain.
20. In Respondent's case, aggravating factors include: (1) multiple violations, and (2) a dishonest or deceptive motive. However, there are significant mitigating factors, including: (1) absence of a prior disciplinary record; (2) refund of a substantial portion of the fee to the client; (3) payment of restitution for the sanctions assessed against the client; (4) remorse; and (5) personal and emotional problems which Respondent is addressing in a proactive manner.
21. Respondent and Bar Counsel agree and stipulate that a public censure is an appropriate sanction for Respondent's misconduct, and, in consideration of the significant mitigating factors set forth above, the Board so finds. If the Court accepts the Board's recommendation and issues an Order of Public Censure in accordance herewith, Bar Counsel and Respondent agree to the following press release:
*253 The Wyoming Supreme Court issued an order of public censure of Loveland, Colorado, attorney N. Joshua Dart. The disciplinary order resulted from Dart's representation of a client in a defamation matter. Dart neglected to pursue the matter diligently and failed to maintain adequate communication with his client, including not informing his client when the court awarded sanctions in the form of attorneys' fees against the client and ultimately dismissed the case for non-compliance with the court's discovery orders. Dart agreed that he committed multiple violations of Rule 1.3 (diligence), Rule 1.4 (communication with client), and Rule 8.4(c) (conduct involving misrepresentation). Dart voluntarily returned a large portion of the fees paid to him by the client and arranged for payment of all sanctions levied against the client. Dart and Bar Counsel stipulated that these and other significant mitigating factors weighed in favor of a public censure as the appropriate discipline for Dart's misconduct. The Board of Professional Responsibility approved the parties' stipulation and submitted the matter to the Wyoming Supreme Court, which issued a public censure against Dart. In addition to receiving a public censure, Dart was ordered to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.
For the foregoing reasons, the Board of Professional Responsibility recommends that the Court issue an Order of Public Censure in accordance with the terms of this report and recommendation.
DATED this 16 day of May, 2018.
____________________________ Jason A. Neville, Chair Board of Professional Responsibility Wyoming State Bar